**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEVE OTTO, et al., | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 13-6722 |
| ERIE INSURANCE EXCHANGE, | : | |
| Defendant. | : | |

**March _27_, 2014**                                                                 **Anita B. Brody, J.**

<u>**MEMORANDUM**</u>

Plaintiffs Steve and Marla Otto bring suit against Defendant Erie Insurance Exchange ("Erie") for underinsured motorist (UIM) benefits pursuant to the terms of their Erie Insurance Exchange Family Auto Policy.  I exercise diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  Currently before me is Erie's motion to dismiss pursuant to the doctrine of forum non conveniens.  For the reasons set forth below, I will deny Erie's motion to dismiss.

**I.  BACKGROUND**

Plaintiffs Steve and Marla Otto purchased automobile insurance from Defendant Erie. Their insurance policy included UIM coverage. On November 12, 2012, Steve Otto was in a car collision with an underinsured motorist.  After the accident, the Ottos filed a claim with Erie to collect UIM benefits.  Erie refused to provide these benefits to the Ottos.

The Ottos filed suit in this Court to recover UIM benefits.  The Otto's Uninsured/Underinsured Motorist Coverage Endorsement ("UIM Endorsement") contains a forum selection clause that mandates: "Suit must be brought in a court of competent jurisdiction in the county and state of [the Ottos'] legal domicile at the time of the accident."  Def.'s Mot.

1

Ex. 2.  At the time of the accident, the Ottos were domiciled in Montgomery County, Pennsylvania.

## II.  DISCUSSION

Erie argues that this action should be dismissed pursuant to the doctrine of forum non conveniens because the forum selection clause in the UIM Endorsement mandates that the parties bring suit in the Court of Common Pleas of Montgomery County.  The Ottos contend that the forum selection clause allows for suit in this Court.

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*."  *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 580 (2013).  In deciding whether to dismiss a case under the doctrine of forum non conveniens, "a valid-forum selection clause should be given controlling weight in all but the most exceptional cases."  *Id.* at 581 (internal quotation marks omitted).   Thus, it is proper to dismiss this case under the doctrine of forum non conveniens if the forum selection clause in this case mandates suit in the Court of Common Pleas of Montgomery County.

"The question of the scope of a forum selection clause is one of contract interpretation."  *John Wyeth & Brother Ltd. V. Cigna Int'l Corp.*, 119 F.3d 1070, 1073 (3d Cir. 1997).  Like any other contract provision, the first step in interpreting a forum selection clause is to determine whether the clause unambiguously states the parties' intentions.  *Id.* at 1074.  "To be 'unambiguous,' a contract clause must be reasonably capable of only one construction."  *Id.*

The forum selection clause provides: "Suit must be brought in a court of competent jurisdiction in the county and state of [the Ottos'] legal domicile at the time of the accident."

Def.'s Mot. Ex. 2.  Erie argues that this phrase means the parties may only bring suit in a state court located in Montgomery County.  In contrast, the Ottos argue that the plain language of the clause permits suit in any court of the county, including the United States District Court for the Eastern District of Pennsylvania.

In *Jumara v. State Farm Insurance Company*, the Third Circuit addressed a forum selection clause that permitted applications for appointment of arbitrators to be made in "a court of record in the county."  55 F.3d 873, 881 (internal quotation marks omitted).  Although the district court had interpreted this phrase to limit the forum to the Court of Common Pleas of Luzerne County, the Third Circuit held that "the phrase 'a court of record in the county' includes the United States District Court for the Middle District of Pennsylvania, the federal district that encompasses Luzerne County."  *Id.*  Similarly, in *Epps v. 1.I.L., Inc.*, the court addressed a forum selection clause that permitted disputes to "only be brought in a court of competent jurisdiction located in Wayne County Pennsylvania."  No. 07-2314, 2007 WL 4463588, at *3 (E.D. Pa. Dec. 19, 2007) (internal quotation marks omitted).  In consonance with *Jumara*, the court held that "[t]he provision's plain language is construed to permit the action in any court of the county, including the federal court in the federal judicial district encompassing Wayne County, Pennsylvania, regardless of whether the federal court is physically located in the county."  *Id.* (citing *Jumara*, 55 F.3d at 881).

The forum selection clause at issue allows the parties to bring suit in any "court of competent jurisdiction in the county . . . ."  Def.'s Mot. Ex. 2.  The United States District Court for the Eastern District of Pennsylvania is a court of competent jurisdiction that encompasses Montgomery County.  *See Jumara*, 55 F.3d at 881.  The unambiguous language of the clause

permits the parties to bring suit in this Court.  I will not dismiss this case pursuant to the doctrine of forum non conveniens because the Otto's decision to file suit in this Court complies with the forum selection clause.

## III.  CONCLUSION

For the reasons set forth above, I will deny Erie's motion to dismiss pursuant to the doctrine of forum non conveniens.


s/Anita B. Brody
_____
ANITA B. BRODY, J.


Copies **VIA ECF** on _____ to:                Copies **MAILED** on _____ to: